[L. A. No. 3202.  Department Two.—February 25, 1913.]

In the Matter of the Estate of NELLIE GLASS, Deceased. CHARLES F. MILLER et al., Respondents, v. HOWARD L. GLASS et al., Appellants.

WILL—ESTATE OF DECEDENT CANNOT TAKE UNDER WILL.—The estate of a deceased person is not a person or entity which can take under a will.

ID.—BEQUEST TO ESTATE OF PERSON NAMED—CONSTRUCTION.—A bequest of the residue of the property of the testatrix to "father Glass's estate," the person whose estate was indicated being alive at the date of the will but having predeceased the testatrix, cannot be construed as a bequest to such person if alive, and if not, to his legal heirs, or his devisees or legatees as the case may be.

APPEAL from a decree of the Superior Court of Riverside County distributing the estate of a deceased person. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Lafayette Gill, and H. K. Stahl, for Appellants.

G. R. Freeman, and C. Schuebel, for Respondents.

HENSHAW, J.—The testatrix, Nellie Glass, died in 1907, leaving the following will which was duly admitted to probate:

."Oct. 10, 1901.

"At my death if my dear husband Mack Glass is living I want him to have all my property. Then at his death I want my brother Dr. J. K. Miller to have $500.00 five hundred dollars. Also my two sisters Sarah Mawhinney and Dell Nesbit to have $500.00 five hundred dollars each. Then what is left I want to go to Thos. Glass my husband's father. If my dear husband Mack Glass is not living then I want my brother Dr. J. K. Miller to have $500.00 five hundred dollars. Also my two sisters Sarah Mawhinney and Dell Nesbit to have $500.00 five hundred dollars each. The balance to go to father Glass's estate. The old family dishes to be divided between my two sisters Sarah Mawhinney and Dell Nesbit. The dear old clock to go to my brother Dr. J. K. Miller. My old watch I give to Rosa Nesbit and father Miller's watch to Bernell Miller my nephew.

"NELLIE GLASS.
"Corona, Cal., Oct. 10, 1901."

The construction of the will coming before the court under a petition for distribution, an appeal is taken from the decree by certain disaffected heirs of Thomas Glass. The controversy is over the sentence "The balance to go to father Glass's estate." The only facts pertinent to the consideration, besides those appearing upon the face of the will, are that at the date of the execution of the will Thomas Glass was living but died before the death of the testatrix. It is intimated, but not found, that the word "estate" was written by testatrix in the will after the death of Thomas Glass. It would seem to be not improbable that such is the case, but neverthe-

less, the formalities attending the execution of a codicil were not observed and the legal result is that the will must be construed as a single instrument executed at the date it bears. (*In re Parsons,* 99 Cal. 34, [33 Pac. 751].) The language of the testatrix thus being referred to the date of her will and not to the date of her death, by the plain terms of the will Nellie Glass attempted to leave the residue of her estate, not to Thomas Glass, but to Thomas Glass's estate. Thomas Glass's estate is not a person or entity which can take under the will. (Civ. Code, secs. 1275, 1313.) When used with reference to a living man "estate" may either mean all of his property and property interests, as colloquially, "upon his death he will leave a large estate," or it may refer specifically to a particular property in land, as his "estate in Sonoma County." But however used as to a living man no property can pass to it by descent, devise or bequest. The case of appellants is not bettered if the word "estate" were eliminated from the will, though, of course, this would not be permissible, for the result would be a devise or bequest to one who predeceased the testatrix, and no intent appearing to substitute another in his place, the disposition would fail. (Civ. Code, sec. 1343.) The construction contended for by appellants,—namely, that the will is to be read as though it declared that the balance should go to Thomas Glass if alive, and if not, then to his estate, by his estate meaning his legal heirs, or his devisees or legatees as the case may be, is too strained to be permissible.

The decree appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.