[Civ. No. 4075.    Second Appellate District, Division One.—November 14, 1922.]

In the Matter of the Estate of MARY T. MINOR, Deceased. HENRY M. HUXLEY et al., Appellants, v. JOHN B. MINOR et al., Respondents.

[1] WILLS—CONSTRUCTION—BEQUEST TO PERSONS "LIVING AT MY DECEASE"—LAPSE.—A provision in a will devising and bequeathing the remainder of the testatrix's estate "to each of the following named persons as may be living at my decease, their heirs and assigns respectively" (the names of the persons then being given) will not be construed as giving the heirs of one of said named persons the right to be substituted for that person where the latter predeceased the testatrix, but the provision in such will in favor of that person lapses by reason of her death during the lifetime of the testatrix.

APPEAL from a judgment of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Adams, Adams & Binford for Appellants.

Selden Bacon and M. J. Byrne for Respondents.

CONREY, P. J.—Appeal from decree of distribution. The questions presented for discussion require an interpretation of the residuary clause in the will of the decedent. The estate consists of both real and personal property, all situated in the state of California.

On the second day of April, 1898, when the will was made, the decedent, Mary T. Minor, was the widow of Samuel Minor, deceased. All of the estate came to her from him, under his will. At the date when Mrs. Minor's will

was made there were living two sisters of Samuel Minor, whose names were Mary M. Huxley and Emily J. Benham. His two brothers, John B. Minor and Henry Minor, died prior to April 2, 1898. John B. Minor left, him surviving, a son, John B. Minor. Henry Minor left, him surviving, three daughters. Mary T. Minor died January 31, 1906, leaving no surviving husband nor any descendant. Emily J. Benham died June 7, 1904, leaving no surviving husband nor any descendant. Mary M. Huxley died December 2, 1904, leaving two children.

[1] The will of Mary T. Minor, after disposing of part of her estate by certain provisions, contains in the third paragraph of the will the following: "2nd. The remainder I give, devise and bequeath as follows: To each of the following named persons as may be living at my decease, their heirs and assigns respectively,—my husband's sister, Mary Huxley, now of Waterbury, Conn., my husband's sister, Emily J. Benham, now of Woodbury, Conn.,—my husband's nephew, John B. Minor, now of Plainville, Conn.,—the children of my husband's deceased brother, Henry Minor."

Applying to the foregoing clause of the will the facts hereinabove stated, the court by its decree awarded all of the residue of the estate to the descendants of John B. Minor, deceased, and Henry Minor, deceased, and excluded therefrom the descendants of said Mary M. Huxley. Appellants are the heirs at law of Mary M. Huxley and the administratrix of the estate of her deceased son Edward.

The matter in dispute was submitted to the superior court on an agreed statement of facts in which the legal questions at issue were thus stated: "Question has arisen under the will of said Mary T. Minor by reason of the death of said Mary M. Huxley prior to the death of said Mary T. Minor, whether the heirs and next of kin of Mary M. Huxley took under the second subdivision of the third clause of the third paragraph of the said will, and likewise whether the interest which would have passed to Emily J. Benham, had she survived the testatrix, passed to her heirs and next of kin, or whether the said share bequeathed to Emily J. Benham lapsed, by reason of her death prior to the death of the testatrix, Mary T. Minor. Question has further arisen under the same second subdivision of the third clause of the third paragraph of the will whether the children of Henry

Minor took thereunder per capita or *per stirpes,* that is, whether said Mary J. Buell, Emily L. Minor and Julia B. Esterly each were given a share equal to that given to said John B. Minor, or all together were given a share equal to that given to said John B. Minor, and concerning the consequent results on the division of the residue of this estate of Mary T. Minor.''

The parties joined in submitting these questions to the court for its decision and construction of the will. On the first of the questions thus submitted the court determined that the heirs or next of kin of Mary M. Huxley were not entitled to take any share in the estate. On this appeal they claim that the court erred in so deciding.

Concerning the personal relations existing between the testatrix and her husband's relatives, the statement of facts says: ''At the time of making her said will, Mrs. Mary T. Minor had but comparatively slight personal acquaintance with her husband's relatives, they residing chiefly in the east, and she in California. Prior to her death, however, Mrs. Emily J. Benham spent several months with Mrs. Mary T. Minor but Mrs. Minor had no personal intimate acquaintance with any other of the surviving members of her husband's family.''

Appellants direct attention to the rule of construction of wills that in order to enable the court to place itself in the position of the testator, evidence of all the circumstances surrounding him at the time he wrote his will is permissible to aid in its construction. They argue that the fact that she used the words ''their heirs and assigns respectively'' immediately following the words ''to each of the following named persons as may be living at my decease,'' shows that the testatrix had in mind the contingency that one or more of these persons named by her as legatees might not be living when the will should take effect; that it was in her mind to treat all of the relatives of her late husband alike; that having expressly provided for the then living nephews and nieces whose parents had died, she at the same time made equal provision for the two sisters of her late husband who were then living; but that having in mind the possibility that issue would survive these two sisters, she inserted the words, ''their heirs and assigns respectively,'' for the purpose of providing for the successors of these two

sisters if they, or either of them, should die before the time of death of the testatrix.

The construction contended for by appellants requires that the word "or" be implied before the words "their heirs and assigns respectively," and that thereupon the phrase be construed as one whereby the heirs of Mrs. Huxley (upon her death prior to the death of the testatrix) would be substituted for Mrs. Huxley. In support of this position they refer to certain decisions which, they insist, are in line with this contention. (*Wren* v. *Hynes*, 2 Met. (Ky.) 129; *Ebey et al.* v. *Adams*, 135 Ill. 80 [10 L. R. A. 162, 25 N. E. 1013]; *In re Paton*, 111 N. Y. 480 [18 N. E. 625]; *Keay* v *Boulton*, 25 Ch. Div. (Eng.) 212; *Wingfield* v. *Wingfield*, 9 Ch. Div. (Eng.) 658; *King* v. *Cleaveland*, 4 De Gex & J. (Eng.) 477; *In re Philp's Will* (Eng.), L. R. 7 Eq. 151.) But in order to adopt this view we would find it necessary to eliminate the phrase "as may be living at my decease." In effect, we are asked to reconstruct the sentence, so that it will read, "to each of the following named persons . . . *or* their heirs and assigns respectively."

This we cannot reasonably do. The elimination or addition of words in a will, for purposes of construction, is not permitted except where that is necessary for the purpose of removing some ambiguity in the testator's expression of intention. "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative." (Civ. Code, sec. 1325.) It is only by giving to the words "their heirs and assigns" their usual meaning, expressive of an intention to pass the fee, or the entire ownership, to the named donees, that those words are consistent with the gift as made to each of the persons named "as are living at my decease."

The fact that the words "heirs and assigns" were not necessary to make a gift of the fee, or complete ownership, does not make their use an indication of some other purpose. It is common knowledge that this phrase continues to be used by many conveyancers, although it has ceased to be necessary. In this case, the mere fact that all of the persons named in the will were sisters of the husband of testatrix, or descendants of his deceased brothers, is not, in our judgment, a sufficient reason for eliminating definite

and plain words from the will in order to avoid their effect in the event of the death of the sisters before the death of the testatrix. Therefore, we adopt and apply here the conclusion at which the supreme court arrived in *Estate of Sessions,* 171 Cal. 346 [153 Pac. 231], where the court had under examination a will giving the residue of an estate to ''William Jackson and to his heirs and assigns forever.'' The court said: ''Furthermore, the word 'heirs' occurs only in the phrase, 'and to his heirs and assigns forever.' This phrase is the regular ancient formula in a conveyance of the fee in real estate. No reason appears for giving to the word 'heirs,' as used therein, any greater significance than should be given to the word 'assigns.' The latter word would have been meaningless if used as a word of substitution. The most reasonable conclusion from the whole will is that the residuary clause was made without any intention at all concerning the destination of the property in case Jackson should outlive the testatrix.'' The court, we think, must have intended to say, in the last clause, ''in case Jackson should *not* outlive the testatrix.'' Otherwise it is not consistent with the other parts of the decision, which held that the words ''and to his heirs and assigns forever'' were merely descriptive of the estate of inheritance given to Jackson; and that, Jackson having died prior to the death of the testatrix, his heirs acquired no rights under the will.

We therefore conclude that the provision made in the said will, in favor of Mary M. Huxley, lapsed by reason of her death during the lifetime of the testarix. It follows that appellants, who claim only as heirs and next of kin of Mrs. Huxley, take nothing.

The decree is affirmed.

Shaw, J., and James, J., concurred.