IN RE DOYLE'S ESTATE.   DOYLE ET AL., RESPONDENTS, *v.*
McCARRICK ET AL., APPELLANTS.

(No. 7,769.)

(Submitted May 7, 1938.   Decided June 9, 1938.)

[80 Pac. (2d) 374.]

*Mr. R. G. Wiggenhorn, Mr. George J. Hutton* and *Messrs. Putnam & Carlson,* for Appellants, submitted a brief; *Mr. Wiggenhorn* argued the cause orally.

*Messrs. Johnston, Coleman & Jameson,* for Respondents, submitted a brief; *Mr. William J. Jameson, Jr.,* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is a proceeding to determine who are the beneficiaries under the residuary clause of the will of Sarah Ann Doyle, a spinster. At the time her holographic will was executed she had two sisters and two brothers living, to each of whom she

gave by her will substantial legacies varying in amounts from $5,000 to $10,000. She left specific legacies to a great nephew, several great nieces, one niece and also to some old friends. This niece, great nephew and all of these great nieces are the descendants of the deceased's then living brothers and sisters. She left the sum of $5 to the estate of her deceased sister, and also $5 to the estate of her deceased brother Frank, both of whom died without descendants. She gave to the estate of her brother John Doyle the sum of $50 "as his share of my estate as heir or otherwise." This brother left children surviving him. As a part of each paragraph wherein a legacy was left to her then living brothers and sisters she specified the legacy thus given was the share of each legatee as heir or otherwise. The residuary clause provides that after the payment of the specific legacies "all the rest and remainder shall be divided between my lawful heirs herein mentioned to share and share alike."

After the payment of all of the specific legacies a substantial residue remains of the estate of the deceased, which is to be distributed in accordance with the residuary clause of the will. The plaintiffs contend this residue must be distributed among the brothers and sisters of the testatrix who were living at the time of her death, whereas the defendants, who are the children of John Doyle, deceased, contend that they are entitled to share in the residue. We may observe in passing that the children of Catherine Kelley, a sister of the testatrix who was left a specific legacy in the will, have compromised and settled their claim for the amount of the specific legacy.

The primary question involved is, May the children of John Doyle share in the residue of the estate? The trial court found against the contentions of the defendants. The judgment conformed to the findings of the court, and from it this appeal was perfected. The cause was tried below upon an agreed statement of facts.

The will of Sarah Ann Doyle was dated February 23, 1929. Her brother, John Doyle, died in January, 1928, a fact which was well known to the testatrix at the time she drew her will.

This case therefore, involves a construction of the will of the testatrix.

A will is to be construed according to the intention of the testator. (Sec. 7016, Revised Codes.) A testamentary disposition may be made to any person capable of taking the property and to certain corporations. (Sec. 6977, Id.) It is argued on behalf of the plaintiffs that an estate is not a person or entity capable of taking property within the meaning of this statute. It is generally held, in the absence of a statute to the contrary, that where a legacy or devise is left to a person who is already dead at the time the will in question is executed, the gift lapses even though the fact of such death is known to the testator. (*Dildine* v. *Dildine,* 32 N. J. Eq. 78; *Nelson* v. *Minton,* 46 Ohio App. 39, 187 N. E. 576; *Stiegler* v. *Hibbert,* 17 Del. Ch. 32, 147 Atl. 252.) The Ohio Court of Appeals in the case supra, said: "Now in this case the testatrix knew the devisees in question were dead when she signed the will. She also is presumed to know that devises to them lapsed and were void. What was her intention in naming them? A mere gesture in the direction of an equal distribution between her own and her husband's relatives? An intent to give a group distribution with a taking by the survivors? A *per stirpes* distribution? Any one of these or other suggestions can at best be but opinions, guesses, one as good as the other."

It has been held that a legacy to the estate of a deceased person is void, since an estate is not an entity or person capable of receiving the property. (*In re Estate of Glass,* 164 Cal. 765, 130 Pac. 868; *Gardner* v. *Anderson,* 114 Kan. 778, 227 Pac. 743; *In re Davis' Estate,* 13 Cal. App. (2d) 64, 56 Pac. (2d) 584; Id. (Cal. App.), 59 Pac. (2d) 547.) Other courts have held that gifts to an estate of a deceased person in a will were valid. (*Leary* v. *Liberty Trust Co.,* 272 Mass. 1, 171 N. E. 828, 69 A. L. R. 1239; *Arnett* v. *Fairmont Trust Co.,* 70 W. Va. 296, 73 S. E. 930; *Reid* v. *Neal,* 182 N. C. 192, 108 S. E. 769.) These later cases were all decided on the theory that the courts were able to ascertain to their satisfaction the intention

of the testator from the will, and in some respects from the extrinsic facts, as to who the testator intended should be the beneficiaries of the gift made in the will.

It is argued that section 7039, Revised Codes, afforded a ▆▆▆ method for determining the intention of the testatrix as to who she intended should receive the $50 legacy left to the estate of John Doyle, deceased. The section permits the consideration of extrinsic evidence in case of ambiguity, except the declarations of the testator as to his intention are inadmissible.

After careful consideration of the will and such extrinsic facts as are found in the agreed statement, we are unable to ascertain who the testatrix intended should receive the $50 bequest to the estate of John Doyle. We can only guess, and one guess is as good as another. If she intended this legacy to be distributed to the children of John Doyle, they are not mentioned in the will, and unless so mentioned they are not among those included as beneficiaries in the residuary clause of the will.

Judgment affirmed.

ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.