HELENA C. ROGERS, INDIVIDUALLY,
AND AS EXECUTRIX UNDER THE WILL OF DAVID WALTON

*vs.*

ARTHUR WALTON AND EDWARD WALTON,
INDIVIDUALLY, AND AS TRUSTEES UNDER THE
WILL OF ANNIE WALTON.

Androscoggin.     Opinion, October 24, 1944.

*Fred H. Lancaster,*

*Marguerite L. O'Roak,* for the plaintiff.

*Berman & Berman,* Lewiston, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER J. The plaintiff, as executrix of the will of David Walton, and in her own right as sole beneficiary under his will, brings this bill in equity for the construction of the will of his mother, Annie Walton, under the terms of which the plaintiff claims that his estate is entitled to share. The defendants are the surviving two sons of Annie Walton and are made parties individually and as trustees of her estate. The case is before us on *report* on bill, answer, and agreed statement.

The will of Annie Walton was executed October 29, 1935. At that time she had three sons, David, Arthur and Edward. Two other sons, Fred and Lawrence, had died each leaving a widow and children. She died April 12, 1936, and her will was duly allowed in the Probate Court for the County of Androscoggin on June 6, 1936. All three sons survived their mother and in accordance with the terms of her will were appointed executors and trustees. Subsequent to the death of the mother, David Walton was divorced. He died without leaving a widow or issue. His will, dated November 13, 1941, was duly allowed and the plaintiff was, in accordance

with its terms, appointed executrix. She is the sole benefici-
ary. The two other brothers, who are the surviving trustees
under the will of their mother, claim that neither the income
of the trust created by her will, nor the corpus thereof at its
termination, nor any other part of the property or estate of
Annie Walton became vested in the estate of David Walton
and that no part thereof could be bequeathed or devised by
him. They have accordingly refused to pay over any part of
the income of the trust to the executrix of his estate and
claim that she will not be entitled, either as executrix or in-
dividually, to any of the corpus of the trust on its termina-
tion.

After making a few minor bequests, Annie Walton left the
entire residue of her estate in trust to her three surviving
sons. The controversy arises over the terms of this trust. The
essential parts of the will creating it read as follows:

> *"Fourth*: All the rest, residue and remainder of my
> property, both real and personal, and of whatsoever
> kind and nature and wherever the same may be lo-
> cated or found, which I may own or have a right to
> dispose of at my decease, I give, devise and bequeath
> to my children who are alive on the date of the execu-
> tion of this will in trust, to manage and control the
> same and particularly to operate my bakery and to
> pay all the expenses out of the income and deduct a
> reasonable charge from the income for the services of
> those children who are actively engaged in the man-
> agement of the trust and I direct the trustees to divide
> the net income equally among my children who are
> alive at the execution of this will.

> *"Fifth*: 1—In the event any of my sons who are
> alive at the date of the execution of this will but who
> predecease me, leaving child or children, by blood or
> by adoption, and a widow who has not remarried at

the time of my decease then the share of such deceased son shall go as follows: From the net income of my estate during the period of trust the right to the share of the deceased son shall be shared in the following manner, two-thirds thereof to such unmarried widow and one-third to such child or children in equal shares and upon the termination of the trust herein, the same apportionment of the res is to be made, that is, the widow of a deceased son, which deceased son was alive on the date of the execution of this will, is to take two-thirds of the share of said deceased son and the child or children of said deceased son is to take one-third, to be divided equally among them provided there is more than one.

"2—In the event of any of my sons who are alive at the date of this will should predecease me, leaving a widow surviving, who has not remarried at the time of my decease, but no child or children, then I give, bequeath and devise the share of such deceased son to his unmarried widow.

"3—In the event any of my said sons should die before me leaving no widow but leaving children of their own blood or by legal adoption then I give, devise, and bequeath to the child or children the right to share in the proceeds of the trust herein set forth and upon the termination of the trust, the child or children of the deceased son who has died since the execution of this will is to take the share of their deceased father.

"*Sixth*: Upon the decease of anyone of my children during the period of this trust there shall be no new trustee designated to fill the vacancy but the other children who are alive will continue to manage and pay over the benefits of this trust until there is only one trustee living at which time this trustee shall liquidate the residue of my estate in the most expedi-

tious manner with regard to preserving the value of the same for the best interest of the devisees under this will and the trustee may buy the business himself and to pay therefore a reasonable sum and which sum is to be approved by the Judge of the Probate Court in and for the County of Androscoggin and the said trustee shall thereupon distribute the proceeds of this trust to the devisees under this will, in paragraph four, to their estates, and to himself equally."

The claim of the defendants is, with respect to the income, that David Walton was entitled to it so long as he lived, that if he had died leaving a widow or children such widow or children would have been entitled to it, but that having died without a widow or children, the income should be distributed to the surviving children of the testatrix who are these defendants. As to the principal, the same general claim is made that "the corpus of the estate should be distributed" on the termination of the trust "to the last surviving son and to the widows and children, if any, of any deceased child." Though it is not contended that the corpus passes under the fifth clause of the will, yet, for some reason not fully comprehended by us, it is suggested that resort should be had to the fifth clause to interpret what the testatrix meant by the word "estates" used in the sixth clause and to determine the proportions in which the survivor and the widows and children of deceased sons should share.

The statute giving to the equity court jurisdiction to construe wills should be liberally interpreted to the end that litigation may be prevented, multiplicity of suits avoided, and title to property, both real and personal, promptly settled. *Baldwin* v. *Bean*, 59 Me., 481; *Haseltine* v. *Shepherd*, 99 Me., 495, 59 A., 1025. The plaintiff, as executrix of the will of David Walton who was a beneficiary under the will of his mother, certainly had the right to bring such a bill. To be

sure the question of the disposition of the corpus of the trust is not a matter of immediate concern to the trustees. But the reason for the rule laid down in *Moore* v. *Emery,* 137 Me., 259, 18 A., 2d 781, that the court will not construe a will in order to determine future rights has no application here. The right of the plaintiff at a future time to share in the corpus of the estate is inextricably interwoven with her claimed present right to the income, and she has besides an immediate problem in deciding whether this right to a share in the principal of the trust should be included as an asset in the inventory of the estate of David Walton. We are met with one other requirement which gives us some concern. This is laid down in *Haseltine* v. *Shepherd,* supra, page 504, in the following language: "It must appear that the language of the will is such that the parties may reasonably have doubts concerning its true construction." We do not quite understand how such doubt can exist here. The language seems reasonably plain to this court even though it does not to the parties, or at least to the defendants, who have refused to make payments of the income to the executrix of their brother's estate. But we concede that their claim is honest that the will is ambiguous; and in the interest of ending a controversy and determining the rights of the parties, we shall not be too rigid in limiting our authority to act on the prayer of this bill.

We shall take up first the question as to the right of the plaintiff on the termination of the trust to share in the corpus of the estate. For our views on this issue will settle her right to the income.

Annie Walton created a trust of substantially her entire estate. Her three sons, if they survived her, were to be trustees and beneficiaries and her intention to treat them in exactly the same manner is obvious. The trust was to continue until there should be but one son surviving, who was charged with the duty of distributing the principal "to the devisees

under this will, in paragraph four, to their estates, and to himself equally." This language when read in the light of conditions which would at that time exist seems clear. The two deceased sons, through their personal representatives charged with the duty of administering their estates, were to share equally with the survivor. What else could it mean? We doubt if any other construction would have been suggested, if the industry of counsel had not discovered certain cases which seem to lay down the doctrine that a legacy to the estate of a deceased person is void because an estate as such is incapable of receiving property. *Estate of Glass*, 164 Cal., 765, 130 P. 868; *In Re Davis' Estate*, 59 P. (2d), 547; *Gardner* v. *Anderson*, 116 Kan., 431, 227 P., 743; *Simmons* v. *Spratt*, 20 Fla., 495; *Martin* v. *Hale*, 167 Tenn., 438, 71 S. W., 2d, 211. Counsel seem to argue that the language of the testatrix is ambiguous because of her use of a phrase which, viewed technically, some courts have held is meaningless. In the first place we are not satisfied that a single one of the cases cited by counsel lays down the doctrine that a bequest or a devise to an estate is necessarily void, when the intent of a testator in using these words is apparent and when his obvious purpose can be made effective. Certainly it is not the rule in Maine where we have consistently sought to determine the intent of the maker of a will from the language used, however inartificial it may be. And that language should not be construed in its technical sense where it is apparent that the testator did not so use it. *Abbott* v. *Danforth*, 135 Me., 172, 192 A., 544; *Gorham* v. *Chadwick*, 135 Me., 479, 200 A., 500, 117 A. L. R., 805; *Moore* v. *Emery*, supra. The language of Lindley, L. J. in *In Re Morgan* (1893), 3 Ch. 222, cited with approval in *Abbott* v. *Danforth*, supra, 178, is peculiarly applicable here:

"I should have thought that, upon the will, the matter was reasonably plain; but we are pressed with

authorities. Now, I do not see why, if we can tell what a man intends, and can give effect to his intention as expressed, we should be driven out of it by other cases or decisions in other cases. I always protest against anything of the sort. Many years ago the Courts slid into the bad habit of deciding one will by the previous decisions upon other wills. Of course there are principles of law which are to be applied to all wills; but if you once get at a man's intention, and there is no law to prevent you from giving it effect, effect ought to be given to it."

On the other hand there are cases which hold very definitely that a devise or bequest to an estate may be made effective where the testator's intent is plain. *Leary* v. *Liberty Trust Co.* 272 Mass., 1, 171 N. E., 828, 69 A. L. R., 1239; *Bottomley* v. *Bottomley*, 134, N. J. Eq., 279, 35 A. (2d), 475 (N. J. 1944).

In the Massachusetts case the bequest was "to my said brother James if he be then living and in event of his death to his, said James' estate" .... . James died before his brother. The court pointed out that there is authority that a devise or bequest to an "estate" is too indefinite to be given a meaning, but, rejecting such a rigid rule, held that it was its duty to carry out the testator's intention, which in this instance was that the "remainder should be taken by those whom James should designate, not in the sense of incorporating the will of James into his (Michael's) will by reference, but by making the remainder a part of James' estate, James having the right to dispose of the remainder as a part of his estate as he wished."

We think that the Massachusetts and New Jersey courts have stated the rule correctly in holding that a bequest or devise to an estate is not necessarily void where the intent of the testator can be determined. Strangely enough, coun-

sel, having raised up this specter of a legal formalism, almost immediately shy away from it for their own construction of what this testatrix meant by the word "estate." Having spent no inconsiderable effort in citing cases to the effect that the language of the testatrix is without meaning, they now give it a meaning of their own. And so they say that her property "should go in accordance with the intent of the testatrix as in this case is found in other portions of her Will, said Will being read as a whole." Then they go on to argue that the word "estates" means "the widows and children of any deceased son and no one else." And they claim to find warrant for this interpretation by reading clause five. Clause five, however, has no possible bearing on the subject. It makes provision for the disposition of the share of a child who might die before the testatrix. She provided for that contingency and for no other. She apparently was content to trust to the judgment of her sons who might survive to make disposition of their shares in the light of circumstances which she could not foresee. To do what counsel now ask of us would be to make a will not to interpret one.

We think that the intent of the testatrix is clear to give to each son a one-third interest in the trust fund, which could pass as his property under his will or as intestate property if he should leave no will. During the continuance of the trust he, or in case of his death, his personal representative, would be entitled to one-third of the net income of the trust. At the termination of the trust it was her intent that the corpus should be divided into three equal parts, one part going to the surviving son and each of the other two parts to the personal representative of each of the sons who had died to be distributed as a part of the estates of such sons.

The case will be remanded to the sitting justice for a decree in accordance with this opinion.

*So ordered.*