[S. F. No. 17639. In Bank. June 28, 1949.]

Estate of GASTON J. BRUNET, Deceased. O. G. FREYERMUTH et al., Appellants, v. MARY SPECKTER, Individually and as Administratrix, etc., et al., Respondents.

Marion Vecki for Appellants.

W. S. Solari and Albert Picard for Respondents.

TRAYNOR, J.—By a holographic will dated October 1, 1941, the testator devised "To Otto Speckter or his Estate The Property at Clear Lake & Improvements on same." Speckter, who was not related to the testator, died on July 1, 1943. The testator died on May 14, 1945. In the course of administration the property at Clear Lake was sold, and the decree of distribution awarded the proceeds of the sale "to the heirs or devisees of Otto Speckter, deceased, subject to the administration of his estate." Appellants, executors and legatees under the will, appeal from the decree of distribution.

The only question presented on this appeal is whether the devise to "Otto Speckter or his Estate" lapsed by reason of Speckter's death before the death of the testator. If a devisee who is not kindred of the testator dies during the testator's lifetime, "the testamentary disposition to him fails, unless an intention appears to substitute another in his place." (Prob. Code, § 92.) The determination whether the devise lapsed therefore depends upon whether the testator intended to substitute another for Speckter in the event he predeceased the testator and, if the testator had such intention, whether he substituted another in Speckter's place by designating Speckter's "Estate" as the substitutional beneficiary.

Relying upon *Estate of Sessions*, 171 Cal. 346 [153 P. 231], appellants contend that the phrase, "or his Estate," does not indicate an intention by the testator to substitute an alternative taker in the event Speckter predeceased him. In that case, the court held that a bequest to "William E. Jackson [who predeceased the testator], *and to his heirs and*

*assigns forever''* lapsed on the ground that the italicized phrase was merely technical language customarily used to ·pass the fee to property. (See, also, *Estate of Barton,* 196 Cal. 508, 515 [238 P. 681] ; *Estate of Minor,* 59 Cal.App. 616 [211 P. 807].) In the present case, however, the words ''or his Estate,'' are words, not of limitation defining the estate that Otto Speckter was to receive, but of donation to designate the recipient or recipients of the devise. The testator's use of the disjunctive ''or'' clearly denotes an intention to substitute an alternative taker in the event Speckter predeceased him. (See *Estate of Coleman,* 189 Cal. 612, 619 [209 P. 571] ; *Estate of Minor, supra,* 59 Cal.App. 616, 619 ; Atkinson on Wills, p. 728 ; 4 Page on Wills [Lifetime Ed.], p. 172.)

█ The question remains, however, whether the testator's designation of Speckter's estate constitutes the substitution of *another* in the place of Speckter as required by section 92 of the Probate Code. The word ''another'' as used in that section necessarily implies another devisee or legatee capable of taking the property. Appellants contend that the estate of a named devisee is not another for the purpose of substitution, on the ground that an estate is not a natural person or entity capable by law of taking under a will within the meaning of section 27 of the Probate Code. Respondents contend, however, that the word ''Estate'' was used by the testator to designate Speckter's heirs or devisees as the substitutional beneficiaries and that therefore natural persons have been substituted in the place of Speckter to prevent the lapse of the devise. This contention is challenged by appellants on the ground that the meaning of the word ''Estate'' is too indefinite to denote the recipients of the devise.

█ The objective in the interpretation of a will is to ascertain the intention of the testator as disclosed by the language he has used. (*Estate of Young,* 123 Cal. 337, 345 [55 P. 1011] ; *Estate of Henderson,* 161 Cal. 353, 357 [119 P. 496] ; *Estate of Ottoveggio,* 64 Cal.App.2d 388, 391 [148 P.2d 878].) █ In its technical sense, the term ''estate'' signifies the ''degree, quantity, nature and extent of interest which a person has in real property.'' (Bouvier Law Dictionary. See, also, Civ. Code, § 761 et seq.; Rest., Property, § 9.) Section 106 of the Probate Code provides that ''technical words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention, or unless it satisfactorily appears that the will was drawn solely by the testator, and that he was unacquainted with such tech-

nical sense." The will before us was drawn by the testator, a layman, and it is evident from the context of the devise that he did not use the term "Estate" in its technical sense. (See *Estate of Gracey,* 200 Cal. 482, 491-492 [253 P. 921]; *Estate of Peabody,* 154 Cal. 173, 177 [97 P. 184]; *Estate of Coleman, supra,* 189 Cal. 612, 620; *Estate of Thramm,* 80 Cal.App.2d 756, 762 [183 P.2d 97]; *Estate of Olsen,* 9 Cal. App.2d 374, 379 [50 P.2d 70].) When the technical meaning of the term is substituted for the term itself, there can be no doubt that the testator was not referring to the interest Otto Speckter was to have in the property devised.

The question therefore arises, what did the testator mean by "Estate" when he used that term in the devise? Appellants rely principally upon *Estate of Glass,* 164 Cal. 765 [130 P. 868], to support their contention that "Estate" cannot be construed to mean Speckter's heirs or devisees. In that case the will contained the provision, "The balance to go to father Glass's estate." Since Father Glass was alive at the time of the execution of the will, the term "estate" was used with reference to a living person. In recognition of this fact this court stated: "The language of the testatrix thus being referred to the date of her will and not to the date of her death, by the plain terms of the will Nellie Glass attempted to leave the residue of her estate, not to Thomas Glass, but to Thomas Glass's estate. Thomas Glass's estate is not a person or entity which can take under the will. (Civ. Code, secs. 1275, 1313 [now, Prob. Code, §§ 27, 41-43].) When used with reference to a living man 'estate' may either mean all of his property and property interests, as colloquially, 'upon his death he will leave a large estate,' or it may refer specifically to a particular property in land, as his 'estate in Sonoma County.' But however used as to a living man no property can pass to it by descent, devise or bequest." (164 Cal. at p. 767.) In the present case, however, since the will provided that the property was to go to "Otto Speckter or his Estate," the term was used with reference to a deceased person. The testator's intention to provide for two contingencies is clear: if Otto Speckter survived the testator, the property was to go to Speckter, but if Speckter predeceased the testator the property was to go to Speckter's estate. Thus the testator's will itself provides for the very disposition of the property that the court in *Estate of Glass* said it could not read into the words "to father Glass's estate": "The construction contended for by appellants,—

namely, that the will is to be read as though it declared that the balance should go to Thomas Glass if alive, and if not, then to his estate, by his estate meaning his legal heirs, or his devisees or legatees as the case may be, is too strained to be permissible.'' (164 Cal. at p. 767.) By reason of the use of the alternative in the will before us, "To Otto Speckter *or* his Estate,'' that construction in this case is not strained at all. It is the natural one.

Moreover, such a construction is compelled by the rule that "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative . . .'' (Prob. Code, § 102), and by the rule that "Whenever a disputed word or phrase may be reasonably given either of two meanings, that meaning should be given which will prevent intestacy . . . constructions which lead to either total or partial intestacy are not favored.'' (*Estate of Olsen, supra,* 9 Cal.App. 2d 374, 379; *Estate of Lawrence,* 17 Cal.2d 1, 7 [108 P.2d 893]; *Estate of Gracey, supra,* 200 Cal. 482, 492; *Estate of O'Gorman,* 161 Cal. 654, 658 [120 P. 33]. See, also, Prob. Code, § 102.) The application of these rules to the devise in question leads to the conclusion that the testator meant that if Speckter predeceased him, the property was to go to the persons entitled to succeed to Speckter's estate, namely his heirs or devisees. This construction is not only a reasonable and natural one, but is supported by decisions of courts of other jurisdictions. (*Leary* v. *Liberty Trust Co.,* 272 Mass. 1, 5 [171 N.E. 828, 69 A.L.R. 1239]; *Clark* v. *Payne,* 288 Ky. 819 [157 S.W.2d 63]; *Reid* v *Neal,* 182 N.C. 192 [108 S.E. 769]; *Bottomley* v. *Bottomley,* 134 N.J.Eq. 279, 287 [35A.2d 475]; *Rogers* v. *Walton,* 141 Me. 91 [39 A.2d 409]; *Arnett* v. *Fairmont Trust Co.,* 70 W.Va. 296 [73 S.E. 930]; *In re Billman's Estate,* 175 Misc. 334 [24 N.Y.S.2d 43, 47-48]. *Contra: Gardner* v. *Anderson,* 114 Kan. 778 [227 P. 743] [affirmed on rehearing, 116 Kan. 431 (227 P. 743)]; *Martin* v. *Hale,* 167 Tenn. 438 [71 S.W.2d 211]; *Downing* v. *Grigsby,* 251 Ill. 568 [96 N.E. 513]. See, also, Rest., Property, § 314, comment a, wherein it is stated: "Where a person makes a gift in remainder to his own heirs . . . [he] intends the same thing as if he had given the remainder 'to my estate.' '' *Accord: Bixby* v. *California Trust Co.,* 33 Cal.2d 495, 498 [202 P.2d 1018].)

In *Reid* v. *Neal, supra,* 182 N.C. 192, the will provided: "I lend to my daughter, Laura Reid, 59½ acres, the remainder

of my land. . . . to, her during her natural life, and at her death I give it to her bodily heirs, if any, and if none to return to my estate.'' It was there contended that the devise over was void on the ground that the term ''estate'' did not refer to persons, but to the condition or circumstances in which the testator stood with reference to his property, and for the further reason that there was confusing uncertainty as to the persons who might succeed to the property upon failure of bodily heirs. In holding that the phrase ''to return to my estate'' should be construed to mean that the property was to go to the testator's heirs or next of kin upon failure of bodily heirs and that therefore the devise over was valid, the court stated: ''In construing this clause—'If any, and if none, to return to my estate'—the intent of the testator must be sought unless we hold as a matter of law that the clause is void upon its face. If the words referred to are susceptible of any construction which is consistent with the validity of the will in its entirety, we cannot declare them void. . . . It cannot be successfully urged that the word 'estate' makes the last limitation void for uncertainty. This word has more than one meaning, and is susceptible of more than one construction. Anciently confined to land, it has been enlarged so as to embrace property of every description. Enumerated with words which are descriptive of personal or chattel interests, it may exclude real estate altogether. It may denote the quantity of interest, or the thing devised, or the condition or circumstances in which the owner stands in regard to his property. [Citation omitted.] Also, it has been construed as meaning a person. *Bennett* v. *State* [62 Ark. 516], 36 S.W.R. 948. Its legal signification must be ascertained from the context, or an examination of all the provisions of the instrument in which it appears.'' (182 N.C. at 198-199.)

As in *Reid* v. *Neal, supra,* we cannot hold as a matter of law that the devise to Speckter's ''Estate'' is void on its face, since the word ''estate'' is susceptible of more than one construction according to its context. It is clear from the context of the devise that the term ''estate'' was not used in its technical sense to describe Speckter's interest in the property devised, and was not used to refer to any particular property Speckter might have or to the aggregate of property he might leave upon his death. It is more reasonable to conclude, in the light of the rules that the provisions of a will must be construed to give them effect and to avoid intes-

tacy, that the testator, a layman, in using the term "estate" with reference to a deceased person and to describe the alternative takers of the devise, intended that Speckter's heirs or devisees should take the devise in the event that Speckter died in the testator's lifetime.

The decree is affirmed.

Gibson, C. J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I concur in the result but believe that *Estate of Glass,* 164 Cal. 765 [130 P. 868], is inconsistent therewith and should be overruled. The essence of the holding in that case is that a devise to a named person's estate is not proper because the word "estate" cannot be construed to mean "heirs or devisees." In the case at bar the majority determines, and I believe properly so, that the word "estate" should and must be interpreted to mean "heirs or devisees."

SCHAUER, J.—I concur in the judgment solely on the ground that upon the record the trial court was warranted in finding as a fact that the testator in using the language, "To Otto Speckter or his Estate," intended to make an alternative devise—a devise to Mr. Speckter if he survived the testator but in the event of his demise prior to the death of the testator, then to the heirs at law of Speckter.

SHENK, J., Dissenting. — I agree with the majority opinion of the District Court of Appeal of the First Appellate District, Division Two (*Estate of Brunet* (Cal.App.) [200 P.2d 59]) in holding that "an estate is not a person or entity which can take under a will" as contemplated by the provisions of section 92 of the Probate Code and the decisions in this state construing that section. The majority opinion cannot be reconciled with the holding in the *Estate of Glass,* 164 Cal. 765 [130 P. 868]. I would therefore reverse the judgment.