LASSER, P. J. T. C.
This is an action by the executrix of the estate of Paula Guerard to review a deficiency assessment under the Transfer Inheritance Tax Act. The Director imposed the assessment on decedent’s bequest of one-half of her residuary estate to the estate of her deceased son. Taxpayer contends that the transfer should be taxed at the rates provided for transfers to grandchildren under N.J.S.A. 54:34-2(a), rather than at the higher rates provided for other transferees under N.J.S.A. 54:34-2(d).
I find the following facts: The decedent Paula H. Guerard had two children, Jack W. Guerard and Audrey Howe. On June 7, 1970 decedent executed a will which she personally drafted and typed. The will divided her residuary estate between Audrey Howe and the estate of Jack W. Guerard. At the time of the execution of her will decedent was a New York resident. Later she moved to her daughter’s house in Denville, New Jersey, and shortly before her death moved to a nursing home. Decedent was born in 1891, was 79 when she wrote the will and was 88 when she died in 1979.
Decedent’s son, Jack W. Guerard, executed a will on February 28, 1962, leaving his residuary estate in trust for the benefit of his four children, with the corpus to be distributed when the youngest child attained the age of 21. Jack W. Guerard died at the age of 55 on March 9, 1970, a resident of Massachusetts. Jack W. Guerard’s former wife, from whom he had been divorced prior to 1962, died in New York City about three or four months after Jack W. Guerard’s death.
Jack W. Guerard was survived by his four children, who, at his death, ranged in age from 11 to 15. Counsel for taxpayer has represented that the estate of Jack W. Guerard was solvent.
After their father’s death the children continued to live in Worcester, Massachusetts, the eldest being primarily in charge of bringing up the others by reason of the deaths of their *388 mother and father. The children received financial assistance from their grandmother and also worked to support themselves, the amount received from their father’s trust not being sufficient for this purpose.
At the time decedent executed her will she was aware of the contents of her son’s will, having attended the reading of his will following his death three months earlier. Decedent’s daughter Audrey Howe had frequent conversations with decedent concerning her intention with respect to her estate. She testified that her mother was “sharp as a tack.” She also testified that her mother was very positive that one-half of her estate was to go to her daughter and the remaining half was to be divided among her grandchildren. She testified that her mother had told her this many times and there was no doubt in Mrs. Howe’s mind that this is what her mother meant. Mrs. Howe did not know why her mother had used the words “estate of Jack W. Guerard” in the granting language. She said that her mother probably thought that the use of such language was the easiest way to accomplish her intent. She further testified that her mother had no training in the law.
By the time the assets of decedent’s estate were distributed, her youngest grandchild had attained the age of 21. Jack W. Guerard’s trust having terminated, one-half of decedent’s residuary estate was distributed directly to her four grandchildren.
One-half of decedent’s residuary estate amounted to $62,-235.57. The Director imposed, and taxpayer paid, a tax on this sum under N.J.S.A. 54:34-2(d) at the rate of 15%, amounting to $9,335.34. If the tax had been imposed under N.J.S.A. 54:34-2(a) at the rate of 2% on this half of the estate, less the four $15,000 exemptions, the tax would have been $44.71. Taxpayer seeks a refund of the $9,290.63 difference, plus interest paid on this amount from August 6, 1979 to September 14, 1981.
Taxpayer contends that the transfer should have been taxed under N.J.S.A. 54:34-2(a) at the rate of 2% because the intended beneficiaries were decedent’s grandchildren. Under N.J.S.A. 54:34-2(a) a 2% transfer inheritance tax is imposed on all *389 transfers to a “child or children of a decedent ... or the issue of any child ... of a decedent.”
Director contends that the tax should be imposed at the rate of 15%, under N.J.S.A. 54:34 2(d), which taxes transfers of property “to every other transferee, distributee or beneficiary not hereinbefore classified. . . . ”
The Director further contends that the beneficiary named under the will was the “estate of Jack W. Guerard” and that this beneficiary was not in the class listed under subsection (a), namely, a “father, mother, grandparent, husband, wife, child or children of a decedent ... or the issue of any child ... of a decedent.” The Director also contends that the transfer is not taxable under N.J.S.A. 54:34 -2(c), which taxes transfers to a brother or sister, the wife or widow of a son of a decedent, or husband or widower of a daughter of a decedent.
The rates of taxation in the Transfer Inheritance Tax Act favor transfers to children or issue of children of a decedent by imposing a tax rate of 2%. N.J.S.A. 54:3U2(a). Transfers to all other transferees and distributees not enumerated in the statute are taxed at the rate of 15%. The issue in this case is whether the bequest to “the estate of Jack W. Guerard” is taxable at the rate of 2% as a transfer to decedent’s grandchildren, or at the rate of 15% as a § 2(d) transfer.
The act defines “transfer” as “the passing of property, or any interest therein, in possession or enjoyment, present or future, by distribution by statute, descent, devise, sale or gift.” N.J. S.A. 54:33-1. In the subject case the transfer language was “to the estate of Jack W. Guerard.” Taxpayer argues that the effect of the transfer language was to transfer the assets to decedent’s grandchildren.
An estate is not a legal entity. In re Glass’ Estate, 164 Cal. 765, 130 P. 868 (Sup.Ct.1913); Gardner v. Anderson, 114 Kan. 778, 227 P. 743 (Sup.Ct.1924); 5 N.J. Practice (Clapp, Wills and Administration) (3 ed. 1962), § 226 at 384. Courts have held that where bequests are made to the “estate” of a named individual, it is the testator’s intention that testator’s property pass according to the will of such named individual.
*390 In Arnett v. Fairmont Trust Co., 70 W.Va. 296, 73 S.E. 930 (Sup.Ct.App.1912), testatrix bequeathed property “to the estate of C. W. Arnett,” her deceased husband. The court held that the property was to be distributed according to the terms of her husband’s will. Accord Cumming v. Gumming, 219 Ga. 655, 135 S.E.2d 402 (Sup.Ct.1964); Cookman v. Lindsay, 215 Iowa 564, 246 N.W. 268 (Sup.Ct.1933); Leary v. Liberty Trust Co., 272 Mass. 1, 171 N.E. 828 (Sup.Jud.Ct.1930); Reid v. Neal, 182 N.C. 192, 108 S.E. 769 (Sup.Ct.1921); Annotation, “Bequests to person’s estate,” 10 A.L.R.3d 483 (1966); but cf. In re Glass’ Estate, supra.
I find support for these principles in Bottomley v. Bottomley, 134 N.J. Eq. 279, 35 A.2d 475 (Ch.1944). In Bottomley the testator bequeathed three-tenths of his residuary estate “to the estate of Gordon Frederick Bottomley.” The court held that the testator intended that this portion of his residuary estate pass in accordance with Gordon Frederick Bottomley’s will.
In the subject case decedent was aware that a trust for the benefit of her four grandchildren was the sole beneficiary of the residuary estate of Jack W. Guerard. The Director concedes that if the beneficiary under decedent’s will had been the trust created under her son’s will, the New Jersey tax would have been calculated at the 2% rate, based on the grandchildren being the transferees as beneficiaries of the trust.
Although decedent was not schooled in the law, she prepared her own will with the knowledge that her four grandchildren were the residuary beneficiaries of her deceased son’s estate. She knew that any bequest to the estate of her deceased son would go to her grandchildren. There is no reason to distinguish the instant bequest to her son’s estate from a bequest to a trust created under her son’s will.
I note that life insurance proceeds payable to a decedent’s estate are not taxed at the § 2(d) rates but at the rate applicable to the named beneficiary. See In re Gemmell’s Estate, 123 N.J. Eq. 315, 316, 197 A. 428 (Prerog.Ct.1938). This comports with case holdings that a bequest to an “estate” is taxed as a direct transfer to the beneficiaries of that estate.
*391 I conclude that decedent’s bequest to the estate of Jack W. Guerard was actually a bequest to decedent’s four grandchildren. As such, these transfers must be taxed under § 2(a) of the act.
The Clerk of the Tax Court is directed to enter judgment in favor of plaintiff, granting a refund of the sum of $9,290.64, plus interest paid on this amount from August 6, 1979 to September 14, 1981.