### 4382.  BLASSINGAME v. THE STATE.

1. The primary purpose of the game law of 1911 (Acts 1911, p. 137) is the preservation of the game specified in the act. As incidental to that purpose, section 7 of that act makes it unlawful for any person to hunt, not only the game enumerated in the act, but any game or other animals not enumerated, either with or without a license, upon the land of another, without first obtaining the consent of the landowner.

2. During the open season, as fixed by the act in question, one can lawfully hunt any of the game specified in the act, and at all times animals or game not so specified, upon his own land or upon land in his own militia district, without first obtaining a license. But, either with or without license, it is unlawful to hunt any sort or character of game, whether specified in the act or not, upon the land of another without first having obtained the consent of the landowner. The foregoing provisions of the act do not apply to "persons following hounds in pursuit of foxes or deer, or any other animal not mentioned in this act." The true meaning and intention of the exception mentioned in section 18 of the act just noted is that where one is lawfully hunting foxes or deer, or any other animal not specified in the act, with hounds, and the hounds find such game upon the land where the hunter has the consent of the landowner to hunt, he can follow the hounds in pursuit of the animal on to land on which he may not have the permission of the landowner to hunt.

3. The evidence, under the law as above construed, demanded the verdict.

DECIDED NOVEMBER 27, 1912.

Accusation of misdemeanor; from city court of Madison—Judge Anderson.  August 12, 1912.

*O. Roberts,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.

HILL, C. J.   The accused was charged with a violation of the act of 1911, commonly known as the "game law," in that, without a license, he did hunt upon the lands of J. A. Gibbs in Harris district, G. M., in said county, without first having obtained permission of the landowner; and on his trial he was convicted. It is insisted that under the facts, which are not in dispute, the conviction was unauthorized. These facts, briefly stated, are as follows:  The accused hunted upon the land of the person mentioned in the accusation, without the permission of the owner. He was hunting rabbits with hounds, and, although he had in his possession a gun, he did not shoot at the rabbits or any other game or animals. He was hunting with hounds on the lands of another. The contention is that rabbits are not such game as are protected by the terms of the act in question, and that it is lawful to hunt or follow hounds

in hunting rabbits, without a license and without permission of the landowner. The primary purpose of the act of 1911 is the preservation of the game of this State specified in the act, by the methods and instrumentalities therein set forth. Incidental thereto, however, and especially to prevent evasions of the provisions of the act, section 7 declares that "no person shall hunt or fish upon the lands of another, with or without a license, without first having obtained permission from such landowner." The terms of this section expressly protect the lands of another from trespassing by hunters, whether the game hunted be that specified in the act or not. He must in any event have the permission of the landowner, as a condition precedent to his right to hunt any sort of game or animals. If this were not the proper construction of the act, it would be a very easy matter for a violator of the statute to claim immunity from its terms, on the ground that he was not hunting the particular protected game, but was hunting other animals, not specified in the act. So, in order to protect the game specified, one is not permitted to hunt any game or animal at all without the consent of the landowner. Section 18 of the act strengthens the interpretation here made. It provides: "Any person who shall hunt, without first obtaining a license, except upon his own land, or in his own militia district, or who lends or transfers his license to another, or who shall hunt upon the lands of another without first having obtained his consent to do so, except persons following hounds in pursuit of foxes or deer, or any other animal not mentioned in this act, shall be guilty of a misdemeanor." If section 7 leaves in doubt the question as to whether it was necessary to obtain a license or permission to hunt any of the game specified in the act, or any other game or animal, it would seem that section 18 would resolve that doubt in favor of the correctness of the opinion herein expressed. Construing the law, therefore, in its entirety, so as to give force and effect to every section and to carry out the express purpose of the act, this court holds that no kind or character of game, whether designated by the act or not, can be hunted without complying with the requirements as to license, and without first obtaining the permission of the landowner. The exceptions to what is here held are thus provided for by section 18 of the act: First, where the hunter is hunting game upon his own land or in his own militia district. In

either event, he is not required to have a license. Of course, he can not hunt the game specified in the act except in what is known as the open season, as fixed by the act, on his own land or elsewhere. The other exception is: "persons following hounds in pursuit of foxes or deer, or any other animal not mentioned in this act;" and this simply means that where a hunter is lawfully hunting upon the lands of another with permission, and, in so hunting, the hounds find, upon the land upon which he has permission to hunt, foxes, deer, or any other animal not mentioned in this act, and the game is pursued by the hounds, he may follow the hounds in pursuit on to land upon which he has no permission to hunt.

·The undisputed evidence showing that the accused was hunting rabbits with hounds, on the land of the person designated in the accusation, without the permission of such person, and without having followed the hounds in pursuit of the rabbits from adjacent land on which he had permission to hunt from the landowner, his conviction was demanded by the evidence and the law as construed in this opinion.                    *Judgment affirmed.*