7820. BAKER *v.* THE STATE.

</div>

An indictment charging a violation of section 18 of the act of 1911 (Acts of 1911, p. 144; Park's Penal Code, § 594 (h)), in that in a certain county the accused unlawfully hunted without a license, on lands not his own, outside of a specified militia district therein, in which he resided, but which failed to allege in what militia district he hunted, is fatally defective.

<div align="center">

DECIDED DECEMBER 11, 1916.

</div>

Indictment for illegal hunting; from Camden superior court—Judge Highsmith. August 8, 1916.

*S. C. Townsend*, for plaintiff in error.

*J. H. Thomas*, solicitor-general, contra.

WADE, C. J. The indictment charged that the accused "did hunt unlawfully on lands not his own, outside of the 31st district, Georgia militia, of said county of Camden, he residing in said 31st district, and did hunt for opossums and raccoons outside of

said district, without a license so to do." Section 18 of the act of 1911 (Acts of 1911, p. 144; 6 Park's Code, § 594 (h)), declares that "any person who shall hunt, without first obtaining a license, except upon his own land, or in his own militia district . . . shall be guilty of a misdemeanor." While this act does not expressly prohibit the hunting of opossums and raccoons, it was held in *Blassingame* v. *State*, 11 *Ga. App.* 809, 810 (76 S. E. 392), that under the provisions of the act, "no kind or character of game, whether designated by the act or not, can be hunted without complying with the requirements as to license," except in instances there noted which do not affect the case under consideration. See also *Smith* v. *State*, 15 *Ga. App.* 536 (83 S. E. 886).

The indictment was specially demurred to for the reason (among others) that it failed to allege in what militia district the alleged hunting was done. While, by express statute (Penal Code, § 954), every indictment or accusation shall be deemed sufficiently technical and correct which states the offense in the terms and language of the code, "or so plainly that the nature of the offense may be easily understood by the jury," it has been held that "this section was not intended to dispense with the substance of good pleading, nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged." *O'Brien* v. *State*, 109 *Ga.* 51, 53 (35 S. E. 112), and cases there cited; *Brown* v. *State*, 116 *Ga.* 559, 562 (42 S. E. 795). This court has held that "an accusation of trespass, in which the defendant is charged with passing over the lands of another after being forbidden by the owner, in violation of the Penal Code, § 220 [Penal Code of 1910, § 217], is insufficient to withstand a timely definite special demurrer, where the only description of the lands trespassed upon is 'a certain field the cultivated land of [the prosecutor] at the time being held under a contract of purchase,' though previous statements in the accusation locate the land as being in the county of the prosecution. In such an accusation the description of the land should be definite." *Heard* v. *State*, 4 *Ga. App.* 572 (61 S. E. 1055), and cases there cited. See also *Morrow* v. *State*, 17 *Ga. App.* 116 (86 S. E. 280). Since an indictment must contain such definite allegations as not "to

deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial" (*O'Brien* v. *State,* supra), the indictment in this case was subject to the exception urged in the demurrer, inasmuch as it failed to designate in what particular militia district of the county the defendant had unlawfully hunted. The mere allegation that the hunting was done in the county of Camden elsewhere than in the 31st Georgia militia district of that county, where the defendant resided, was not sufficient to put the accused on such notice that he could properly defend or be able to prepare for trial. For example, in a case of mistaken identity, under such an indictment the accused might be unable to procure witnesses in advance of trial who would be able to establish for him a defense of alibi, though in point of fact there were witnesses who knew of their own knowledge that on the day fixed by the testimony for the State he was not actually in the particular militia district where, according to the State's testimony, the crime charged in the indictment was committed, because of their knowledge of his presence in another district, in a different part of the county, far remote from the scene of the crime; though it would be otherwise if he had been put on proper notice by the indictment itself as to the particular militia district in which the alleged crime was by some one committed.

We hold, therefore, that the court erred in overruling the demurrer directed to this specific defect in the indictment. What occurred thereafter was consequently nugatory, and the questions raised by the motion for a new trial need not be specifically considered.          *Judgment reversed. Hodges, J., absent.*