### 9848. BURBANK et al. v. THE STATE.

An indictment under § 601 of the Penal Code (1910) should name the owner or "proprietor" of the shores of the waters from which the defendant has taken, or attempted to take, fish in violation of that section.

DECIDED OCTOBER 14, 1918:

Indictment for unlawful fishing; from Liberty superior court— Judge Sheppard. March 30, 1918.

*W. C. Hodges, Robert W. Durden,* for plaintiffs in error.

*W. F. Slater, solicitor-general,* contra.

BLOODWORTH, J. An indictment was returned against George and Will Burbank, charging them with a misdemeanor, "for that the said George Burbank and Will Burbank, in the county of Liberty and State of Georgia aforesaid, on the 22 day of December in the year of our Lord one thousand nine hundred and fifteen, with force and arms, did take fish with net on and from the waters of McQueen's Creek where artificial shell-reef beds and fishing

grounds had been constructed, and within one hundred yards of said shell-reef fishing grounds, the said George Burbank and Will Burbank not being the proprietors nor the owners of said shore of McQueen's Creek, nor of the shell-reef fishing grounds, and the said George Burbank and Will Burbank were not authorized by the proprietors of the shores of said McQueen's Creek to take fish from the waters of said McQueen's Creek; that the said McQueen's Creek may be described as follows, that it is a certain salt creek, extending from the Atlantic Ocean into the lands of St. Catherine's Island; contrary to the laws of said State, the good order, peace and dignity thereof." To this indictment the accused demurred as follows: "1. Said indictment fails to allege who the owners or proprietors of the said McQueen Creek are, where said alleged private fishing grounds are located. 2. Said indictment fails to allege that the said private fishing grounds or artificial shell-reefs were and are posted as required by the laws of Georgia, the same being located upon the navigable tide-waters of the ocean or an arm thereof. 3. Said indictment fails to allege that the defendants were fishing with net between low and high water marks, all waters below low-water mark being public waters on McQueen's Creek or inlet." The demurrer was overruled "on each and every ground thereof."

Under the rulings of this court we think the judge should have sustained the first ground of the demurrer. It may be that McQueen's Creek is a small and short one, and that all of the lands bordering on it are owned by the same person, but the indictment does not so allege. Of the size and length of the creek and the owners of the adjacent lands the court cannot take judicial cognizance. The laws applicable to indictments must be so construed as to apply alike to all indictments drawn under any particular section, and every indictment should be so definite in its allegations as to enable the person accused to prepare his defense. Suppose that McQueen's Creek was 50 miles long and there were 100 persons owning land which bordered on the creek, would it be insisted that an indictment was good against a special demurrer which alleged that the defendant was "not authorized by the proprietors of the shores of said McQueen's Creek to take fish from the waters?" Would it not be an injustice to the defendant to require him to summon the 100 landowners or "proprietors," to show by each that he did have his consent (if such were true) to

fish opposite the shore of his land, when by simply alleging the owner of the shore the evidence would be limited to the owner or "proprietor" of that particular part of the shore.

The headnote in *Baker* v. *State,* 19 *Ga. App.* 84 (90 S. E. 983), is as follows: "An indictment charging a violation of section 18 of the act of 1911 (Acts of 1911, p. 144; Park's Penal Code, § 594 (h)), in that in a certain county the accused unlawfully hunted without a license, on lands not his own, outside of a specified militia district therein, in which he resided, but which failed to allege in what militia district he hunted, is fatally defective." The indictment in that case was under the acts of 1911, p. 144 (Park's Penal Code, § 594 (h)), which declares that "any person who shall hunt, without first obtaining a license, except upon his own land, or in his own militia district, . . shall be guilty of a misdemeanor." In the opinion Judge Wade said: "The mere allegation that the hunting was done in the county of Camden elsewhere than in the 31st Georgia militia district of that county, where the defendant resided, was not sufficient to put the accused on such notice that he could properly defend or be able to prepare for trial. For example, in a case of mistaken identity, under such an indictment the accused might be unable to procure witnesses in advance of trial who would be able to establish for him a defense of alibi, though in point of fact there were witnesses who knew of their own knowledge that on the day fixed by the testimony for the State he was not actually in the particular militia district where, according to the State's testimony, the crime charged in the indictment was committed, because of their knowledge of his presence in another district, in a different part of the county, far remote from the scene of the crime; though it would be otherwise if he had been put on proper notice by the indictment itself as to the particular militia district in which the alleged crime was by some one committed." Applying the same process of reasoning to the instant case, it is easy to see why the indictment in this case should be more definite and name the owner of the shore. In this connection see also *Morrow* v. *State,* 17 *Ga. App.* 116 (86 S. E. 280), and *Heard* v. *State,* 4 *Ga. App.* 572 (61 S. E. 1055), and cases cited. The erroneous ruling of the judge on the first ground of the demurrer rendered the further proceedings nugatory. Grounds 2 and 3 of the demurrer are without merit.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*