### 21075. HAWTHORNE v. THE STATE.

DECIDED MARCH 31, 1931.

J. E. Drake, W. V. Custer & Son, for plaintiff in error.
F. E. Strickland, solicitor, contra.

BROYLES, C. J. 1. The act of the General Assembly of Georgia approved August 21, 1911 (Ga. L. 1911 p. 137), provides in section 7 thereof that "no person shall hunt or fish upon the lands of another with or without a license, without first having obtained

permission from such land owner." In a prosecution for a violation of this statute the indictment or accusation should give the name of such land owner. *Burbank* v. *State, 22 Ga. App.* 646 (96 S. E. 1043).

2. "The owner of property must be a natural person, a corporation, or a quasi person or entity, such as a partnership. The law recognizes no other owners of property. 'The estate of A. J. Miller' is not the name of a natural person, and does not import either a partnership or a corporation. Consequently on the face of the assessment and execution [an execution for municipal taxes directed the seizure of the goods, lands, etc., of 'the estate of A. J. Miller'] the name of no owner appears. They are, therefore, prima facie void." *Miller* v. *Brooks, 120 Ga.* 232, 234 (47 S. E. 646). See also *Decatur County* v. *Bowie, 167 Ga.* 694 (2) (146 S. E. 477).

3. In the instant case the accusation charged the accused with fishing upon described lands, "being the property of the estate of C. S. Hodges, deceased, without first having obtained permission from C. S. Hodges, Jr., administrator of such estate." No demurrer was interposed to the accusation, and the trial resulted in a verdict of guilty. Within the proper time the accused filed a motion to arrest the judgment, based upon the ground that the words in the accusation, "the estate of C. S. Hodges," were not equivalent to the words used in the statute prohibiting fishing upon the lands of "another," without first having obtained permission from such "land owner." Under the ruling in the *Miller* case, supra, the accusation upon its face was null and void, and the court erred in overruling the motion to arrest the judgment.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*