22349. CUMMING et al. v. CUMMING, Executor, et al.

*Joseph R. Cumming,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy,* contra.

ALMAND, Justice. The main and controlling issue of law for review in this case is a consequence of the tragedy of June 3, 1962, when many residents of Georgia, including the Clerk of this court, met their deaths in the crash of an airplane at Orly Field, France, on which they were passengers. Forrest Cumming and his wife Inez Parker Cumming were among the passengers. No children survived them. Both left wills which were probated. The executor of Forrest Cumming brought his petition for a construction of the will of Forrest Cumming, naming as parties defendants, the executors of the will of Inez Parker Cumming, the devisees and heirs of Mrs. Cumming and D. R. Cumming individually and W. O. Cumming, brothers of Forrest Cumming as his sole heirs at law. Answers were filed by the respective defendants.

The hearing for a construction of the will was upon an agreed statement of fact. The relevant facts were: that on May 8, 1962, at the direction of Forrest Cumming (who was a lawyer) two wills, one for himself and the other for his wife, were typewritten from the handwriting of Mr. Cumming. Both wills were executed at the same time in the presence of the same witnesses and each of the parties. On May 9, 1962 each one before leaving on their airplane flight to France took out 3 accidental death policies of insurance. Forrest Cumming named his wife as beneficiary for the total amount except for the sum of $10,000 to D. R. Cumming and a like amount to W. O. Cumming, his brothers. Mrs. Cumming procured 3 policies of accidental death insurance in which her husband was named beneficiary to the amount of $85,000 and $45,000 to her sister and 2 nieces named in the will.

In his will Forrest Cumming gave items of personalty to his nephews and provided in Items 2 and 3 "All other property of

which I may die possessed, both real and personal, I hereby will and bequeath to my wife, Inez Parker Cumming, to be hers in fee simple, to dispose of as she sees fit. In case both my wife and I die at the same time, or under circumstances which would make it impossible to determine which of us died first, then and in that event it is my desire that all of my property, both real and personal, exclusive of that hereinabove devised in Item 1, shall go to the estate of my wife." In Item 4 he appointed his wife as the executrix of his estate, but in the event she failed to survive him he designated his brother D. R. Cumming, as executor.

In Item 3 of her will Inez Parker Cumming provided "I will and bequeath all of my property, both real and personal, other than that devised in Items 1 and 2 above, to my husband, Forrest Cumming, any money to be used by him as he sees fit; and all other of my property to be used by him for and during his natural life." After providing for specific bequests and disposition of her estate not specifically devised in Item 4, she provided in Item 5 that "In case both my husband and I should die at the same time, or under circumstances which would make it impossible to determine which of us died first, then and in that event, it is my desire that all my property, I may possess, both real and personal, be disposed of as indicated in aforesaid Item 1, Item 2 and Item 4 (a) through Item 4 (h)."

Both wills were probated.

It was agreed that "None of the parties to this case has any information or evidence from which it can be determined which of them (that is, Forrest Cumming and Inez Parker Cumming) died first, or that Forrest Cumming survived Inez Parker Cumming, or that Inez Parker Cumming survived Forrest Cumming."

After a hearing the court decreed: "1. That the will of Forrest Cumming does make an effective disposition of his estate and property, and there is no intestacy with respect to his estate or any part of his estate. 2. The event provided for by Item 3 of the will of Forrest Cumming having actually happened, i. e., Forrest Cumming and his wife, Inez Parker Cumming, having died at the same time, or under circumstances which would make it impossible to determine which of them died first, all of the

property of Forrest Cumming, except that disposed of by Item 1 of his will, is to be disposed of as provided by said Item 3 and goes to the executors of the will of Inez Parker Cumming to be distributed by her executors to the residuary legatees under her will as though such property were a part of the residue of the estate of Inez Parker Cumming, and passed under her will." D. R. Cumming, individually, and W. O. Cumming in their bill of exceptions assign error on this order.

■ We agree with counsel for the plaintiffs in error that the controlling question for discussion is: "Does the phrase 'shall go to the estate of my wife' constitute an effective devise of the residuary estate of Forrest Cumming so that the same, as determined by the court below, shall go to and become a part of the estate of Inez Cumming and be distributed in accordance with the provisions of her will, to the entire exclusion of the heirs and blood kin of Forrest Cumming; or is such phrase meaningless, under all the facts and circumstances before this court, with the result that Forrest Cumming made no effective disposition of his residuary estate and that such residuary estate is properly distributable to his two brothers, his only heirs at law?"

The plaintiffs in error contend that the phrase is so uncertain and indefinite as to be meaningless; that it did not amount to a legal disposition of his estate and therefore an intestacy resulted as to the entire estate, and the plaintiffs as sole heirs at law of Forrest Cumming inherited the entire estate of the testator.

On the other hand the co-executors of the estate of Inez Parker Cumming contend that in her death and her husband's death in a common disaster, as to a determination of who died first the phrase "to go to the estate of my wife" constitutes an effective disposition of the husband's estate, and the husband's property passed to the three named devisees and legatees in the will of the wife.

Counsel for the parties do not disagree that the rules applicable in the construction of a will are those established by the laws of Georgia and the decisions of this court, viz; (a) Every will is sui generis; (b) The first object is to find the intent of the testator; (c) Such intent is to be derived from a consideration of the will as a whole and read in the light of the circumstances

surrounding its execution; and (d) It is to be presumed that the testator intended to dispose of his entire estate and not to die intestate as to any part of his estate. *Stringfellow v. Harmon,* 207 Ga. 62 (60 SE2d 139); *Aiken v. Aiken,* 209 Ga. 819 (76 SE2d 481); *Code* § 113-806; *Glore v. Scroggins,* 124 Ga. 922 (53 SE 690).

We first look to the facts and circumstances surrounding the execution of the two wills. Mr. and Mrs. Cumming were preparing to make a trip together on an airplane to France. Both knew of the possibility of an accident in which both of them might be killed. They had no children. The nearest of kin to the husband were his two brothers. Among the nearest of kin to the wife were her sister and two nieces. The husband, a lawyer and experienced in the law pertaining to wills and descent and distribution knew that, in the absence of a will, if he and his wife died in a common disaster where it was impossible to ascertain who died first, their separate estates would descend to their separate heirs (*Code* § 113-906) provided in his will *first* that if his wife survived him he wanted all of his estate, after one bequest, to go to his wife. *Second* if they died in a common disaster in which it could not be determined who was the survivor, he wanted all his other property to go to the "estate of my wife"—What did he mean by the "estate of my wife"? By Item 2 he devised his estate to his wife. If she had survived him she would have been his sole beneficiary. By Item 3 he provided that whether or not it can be ascertained that his wife survives, he wants her estate to receive what she would have received if she had survived him. On the same day the husband drafted his will he prepared one for his wife. There was no uncertainty as to who would take her estate. He knew what her estate would consist of and who were the beneficiaries—and that by devising his estate to her estate it must go to the persons named in the residuary clause of her will.

Another fact in the consideration of the intent of the husband in the execution of his will as to who would be beneficiaries of his bounty is the procuring of the insurance policies for accidental death. Except for the payment of $10,000 to each of the two brothers, the plaintiffs in error, having drawn both wills, he

knew the remaining proceeds of these policies would go to residuary legatees of his wife. If it had been the intent of the testator that any part of his estate should go by will to his two brothers he could have easily made the devise in Item 3 of his will, as he did in the accidental death policy where he named the two brothers as beneficiaries to the extent of $10,000 to each.

Taking into consideration the wills, the words used therein, the facts surrounding the execution of the two wills and the acquisition of the two insurance policies, we are of the opinion that the testator Forrest Cumming by use of the words in Item 3 of his will "should go to the estate of my wife" meant that if they died in a common disaster in which it was impossible to find who died first, he wanted the property devised in this item to be distributed to those persons named as beneficiaries in the will which he drew for his wife. Without dispute, there are known beneficiaries named under the will of his wife, to whom his wife's estate is now being distributed—so the words "to the estate of my wife" are not too indefinite or uncertain to identify the devisees or legatees.

We have no decision of this court to guide us in the precise question presented in this case. Other cases involving the construction of wills are of little value unless founded upon similar facts. The briefs of counsel for all the parties disclose that after a thorough search they have found only a few cases in other jurisdictions that involve the same or a similar question. These cases are cited in Page on Wills, Rev.Ed. sections 17.5, 34.36 and in 69 ALR 1239.

The plaintiffs in error rely on the case of *Miller v. Brooks*, 120 Ga. 232 (47 SE 646) where this court held that a sale of property under a tax fi. fa., issued not against the property, but against "the estate of A. J. Miller" was void. That case turned upon the point that the owner of property must be a natural person, a corporation or a quasi entity such as a partnership. Other cases are relied upon which hold that the word "estate" does not come within the designation of a "person," "firm" or corporation. These cases do not compel a finding that a devise to the "estate" of a natural person is void. Our duty in the construction of a will is to give effect to the intent of the testator as to the disposition to be made of his property and is not gov-

erned by the rules relating to tax. fi. fas., deeds or indictments as evidenced in the cases relied upon by the plaintiffs in error, viz., *McCollum v. Loveless,* 185 Ga. 748 (196 SE 436); *Hawthorne v. State,* 43 Ga. App. 86 (158 SE 66). Counsel cites authority from other jurisdictions where the phrase here involved has been construed. Counsel for the plaintiffs in error in his brief states that some of the cases give meaning to the phrase "to her estate" and others hold the words to be meaningless and not making any disposition at all. Counsel concedes that "there may be other portions of the will that will throw light on the intended meaning of the phrase or there may be facts extrinsic to the relationship of the parties or otherwise brought to the attention of the court, that might make it inequitable, unjust or unfair to find some meaning of the phrase." Being of the opinion that consideration of the two wills and the circumstances under which they were executed, and the obtaining of the accidental death policies is sufficient to identify the beneficiaries of the testator's estate "it would be inequitable, unjust or unfair" to find the phrase "shall go to the estate of my wife" to be so meaningless and indefinite as to render Item 3 void.

It is urged by counsel for one plaintiff in error that the court below erred in directing in its order that the executor of the will of Inez Parker Cumming distribute property coming to her estate from the estate of Forrest Cumming to the residuary legatees named in her will, but instead should have ordered this distribution to her heirs. We are of the opinion that the court having found that the property of Forrest Cumming mentioned in Item 3 of his will passes or goes to the executor of Mrs. Cumming's will, for distribution as though it was a part of her estate, it follows that the residuary legatees named in her will, and not the heirs as a class, would be the beneficiaries. They take under the will of Mr. Cumming, since the expression "shall go to the estate of my wife" was clearly not intended to provide that his property should be generally a part of the wife's estate, such as might make it subject to the claims of her creditors, but to designate those who should ultimately take it under his will.

The court's construction of the will is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*