### 41625. JORDAN v. THE STATE.

PANNELL, Judge. 1. Repeals by implication are not favored, and a later statute will not be construed to repeal a prior Act relating to the same subject matter where there is no

irreconcilable repugnancy between the two. *Mayor &c. of Athens v. Wansley,* 210 Ga. 174 (78 SE2d 478). The Act approved March 7, 1960 (Georgia Motorboat Numbering Act; Ga. L. 1960, pp. 235, 243), in Sec. 10A thereof, authorized the State Game and Fish Commission "to adopt, promulgate and enforce safety rules and regulations relative to boat equipment, operation, lights and navigation rules as the Commission shall deem necessary; provided, however, that such rules and regulations promulgated and adopted by the Commission each year shall remain in force and effect until the next regular session of the General Assembly, at which time the General Assembly shall confirm or reject said rules and regulations." Certain rules and regulations promulgated pursuant to this Act were adopted and approved by the legislature by the Act approved March 28, 1961 (Ga. L. 1961, p. 265, et seq.). The rules so adopted had nothing therein in conflict with the Act approved February 16, 1953 (Ga. L. 1953, p. 55; *Code Ann.* § 26-7325), and said Act was not repealed by implication. It follows, therefore, that count 1 of the accusation charging the defendant with a violation of the Act of 1953 did not fail to charge the defendant with a crime for the reason assigned; that is, that the Act under which the defendant was charged was repealed by implication by the Acts of 1960 and 1961 above mentioned.

2. The second count of the indictment sufficiently alleged a violation of § 1 (a) of the Act of 1961, supra. No attack was made upon the Act but only upon the language of the accusation which was much more detailed than the Act, and the accusation of the second count was sufficient in particulars and so plain that the defendant could, without difficulty, know what was the charge against him within the rulings in *Burbank v. State,* 22 Ga. App. 646, 647 (96 SE 1043), and *Locke v. State,* 3 Ga. 534, 540.

3. The failure to charge the jury specifically that the plea of not guilty on the accusation and the charges in the accusation formed the issue for them to try, if error, was not harmful to the defendant in view of the charge as a whole. There could be no question in the minds of the jurors that the defendant was being charged with a violation of certain State laws and that he had pleaded not guilty thereto, where the trial judge in his charge to the jury instructs them that the defendant is on trial charged with certain offenses and that

the defendant enters upon the trial with the presumption of innocence in his favor and that presumption remains with him throughout the trial until and unless the State has introduced evidence sufficient to satisfy their minds to a moral and reasonable certainty, and beyond a reasonable doubt of defendant's guilt before they would be authorized to convict, and charges them as to the form of their verdict for a finding of guilty and for a finding of not guilty.

4. Where the defendant was accused of, and was tried for, two offenses involving the operation of a motorboat on public waters and upon the trial the defendant denied he was operating the boat at the time when there was proof of one offense, and admits the operation of the boat at a time when there was proof of the other offense, there was no error in failing to charge the jury that the defendant contended he was not operating the boat "at the time of the offense set forth in the accusation."

5. The other enumeration of errors on the giving of various charges by the trial judge are without merit as they show no reversible error. The evidence was sufficient to authorize the conviction on both counts.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 2, 1965—DECIDED DECEMBER 2, 1965.

*Robert E. Andrews*, for appellant.

*C. E. Smith, Jr., Solicitor*, for appellee.

