Troy **LANGSTON** et ux., Ann, Appellants,

v.

**FIRST NATIONAL BANK, TULIA, Texas,** et al., Appellees.

No. 7979.

Court of Civil Appeals of Texas, Amarillo.

Dec. 22, 1969.

Rehearing Denied Jan. 26, 1970.

Harkness, Friedman & Kusin, and Sherman A. Kusin, Texarkana, for appellants.

Evans & Evans, and Burrell B. Evans, Tulia, for appellees.

JOY, Justice.

Suit for will construction and from summary judgment for defendants, plaintiffs appealed.

The testatrix, Josephine C. Allison, executed a will dated January 28, 1964 and a codicil to said will on August 3, 1966. Appellants, Langston et ux, were bequeathed $1,000.00 by the codicil and $1,000.00 was deducted from a named legatee in the will. The residuary clause of the will provided in part as follows: " * * * the remainder to be given, bequeathed and divided share alike equally between all of the heirs named, and legatees also named in the foregoing two pages, in Sec. III, Subparagraphs 1 through 13 inclusively." Appellants were not named in the will itself as legatees or devisees. However, the codicil provided in part as follows:

"* * * now I do by this codicil to said will to be taken as a part thereof, without any manner revoking said will, but only supplementing and modifying same:

(1) I here now give and bequeath to my good friends (my present farm renters) Troy Langston and wife, Ann Langston, the sum of One Thousand (1,000.00) Dollars; and should one predecease the other, this may be paid to the survivor of the two."

The will and codicil thereto were admitted to probate and letters testamentary issued to the First National Bank of Tulia, Texas, the designated executor and trustee under the provisions of the will. Plaintiffs filed suit in the District Court for a construction of the will, contending that there existed an ambiguity in the language used in the will and the codicil. Appellees filed their answers to the suit along with their motions for summary judgment. Appellants were notified of the hearing date set by the trial judge on the filing of the motions for summary judgment, but did not appear on the hearing date and offered no reason or excuse for such failure to appear. The trial court sustained the motions for summary judgment of the defendants and upon request by appellants the court filed its findings of fact and conclusions of law.

Appellants have brought this appeal on two points, (1) that the trial court erred in not submitting the question of interpretation of the will and codicil to a jury and (2) that the court "did not hold all evidence submitted in a position most favorable to plaintiffs * * *." Appellants point out in their brief that the one question to be determined is whether or not there is an ambiguity in the will and codicil. We agree with appellants. But whether or not an ambiguity exists is generally a question of law for the determination of the court. 61 T.J.2d P. 244, 245. See also Thornhill v. Elskes, 381 S.W.2d 99 (Tex.Civ.App. refused, n. r. e.); and Page on Wills, Sec. 30.4, P. 13. The court having determined that no ambiguity existed as a matter of law, we look only to the will and codicil, construing them together as if they were one instrument and as if they had both been executed at the time of the making of the latter instrument. 61 T.J.2d, Sec. 127 and cases cited. In that light we do not find any ambiguity nor any question posed of intention of the testatrix. The will clearly distributed the residuary of the estate "share alike and equally" to designated heirs and legatees named in the will itself, and wherein the appellants are not listed or designated. The codicil makes no reference to the decedent's residuary estate, limiting the appellants to a specific bequest of $1,000.00.

The court can only look to the language used by the testatrix in determining the intention of the testatrix, and cannot add to or take away from anything in the will or codicil. The courts cannot correct, amend, reform or otherwise write or rewrite a will in order to make it conform to what the court may think the testatrix intended to write or should have written. See 61 T.J.2d, Sec. 122 and cases cited.

Holding as we do that the will and codicil contain no ambiguity, we do not find it necessary to discuss other points raised in the briefs.

Affirmed.