**Carolyn Brock HUDSON and Sam H. Brock, Jr., Appellants,**

v.

**F. Brock HOPKINS, Appellee.**

No. 12–89–00098–CV.

Court of Appeals of Texas, Tyler.

Nov. 30, 1990.

784

Jack H. Harper, Tyler, for appellants.

R.J. Watts, Dallas, for appellee.

BILL BASS, Justice.

This is an appeal from a summary judgment in a will construction case. The testator, W.S. Brock, died on August 3, 1986, leaving a will which distributed the bulk of his estate in the following manner:

I give, devise and bequeath all the residue and remainder of the property that I owned at the time of my death, of whatever nature and character and wherever situated unto F. Brock Hopkins, George C. Hopkins, Jr., and the estate of Dr. Sam H. Brock, Sr., deceased, to be divided equally between the beneficiaries in fee simple. If any of the named beneficiaries shall predecease me, but issue of such deceased beneficiary survive me, the share of my estate that would otherwise pass to such deceased beneficiary of mine shall pass, per stirpes and not per capita to the issue who survive me of the deceased beneficiary. In the event the deceased beneficiary shall die without issue, the deceased beneficiary's share of my estate shall be divided equally among the beneficiaries surviving me or their issue, as above stated.

The executor of W.S. Brock's estate, F. Brock Hopkins, brought an action to construe the Last Will and Testament of W.S. Brock. The main controversy was over the percentage distribution between F. Brock Hopkins, George C. Hopkins, Jr., and the estate of Dr. Sam H. Brock, Sr., deceased. The executor contends that the above-stated will provision instructs him to distribute the estate one-third to F. Brock Hopkins, one-third to George C. Hopkins, Jr., and one-third to the estate of Dr. Sam H. Brock, Sr., deceased (i.e. one-sixth to Carolyn Brock Hudson and one-sixth to Sam H. Brock, Jr.). The appellants, Carolyn Brock Hudson and Sam H. Brock, Jr., are the beneficiaries of the will of Dr. Sam H. Brock, Sr. They contend that W.S. Brock intended by this language to give one-fourth each to F. Brock Hopkins, George C. Hopkins, Jr., Carolyn Brock Hudson, and Sam H. Brock, Jr.

F. Brock Hopkins, the executor, moved for summary judgment in this will construction action. The trial court granted the summary judgment. We affirm the decision of the trial court.

In their first point of error, appellants contend that the trial court erred in granting summary judgment because the appellee/petitioner failed to present adequate evidence in support of the summary judg-

ment. Specifically, the appellants charge that a certified copy of W.S. Brock's will had to be attached to an affidavit or served with the summary judgment motion and affidavit. The appellants argue that documents may not be incorporated by reference in a summary judgment situation.

The appellee responds that the trial court had before it proper evidence to sustain a summary judgment because the will was a certified public record on file at the time of the hearing, pursuant to Rule 166a of the TEXAS RULES OF CIVIL PROCEDURE. He further asserts that the county court was entitled to take judicial notice of the will because the will was part of its own records.

■ A certified copy of the will was on file with the trial court at the time of the summary judgment hearing, and therefore, the trial court could properly use it as evidence for the summary judgment. Rule 166a(c)(ii) of the TEXAS RULES OF CIVIL PROCEDURE provides that:

The [summary] judgment sought shall be rendered forthwith if ... certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

A certified copy of the will was filed with the trial court on February 22, 1989. The hearing on summary judgment was held on February 23, 1989. In this type of case, the movant is not required to physically attach a copy of the will to the motion for summary judgment. *Kotzur v. Kelly*, 791 S.W.2d 254, 257 (Tex.App.—Corpus Christi 1990, no writ); *Gensheimer v. Kneisley*, 778 S.W.2d 138, 140 (Tex.App.—Texarkana 1989, no writ); *Thompson v. Dart*, 746 S.W.2d 821, 827 (Tex.App.—San Antonio 1988, no writ).

In *Allen v. Berrey*, 645 S.W.2d 550, 552 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.), the court dealt with a will which was only before the court as part of the plaintiff's second amended petition. All the parties recognized the existence of the will and made reference to a specific paragraph of the will. The court held that the will was proper summary judgment evidence because all parties seemed to agree on the existence and validity of the will, and because the will was a document admitted into probate in the court below. *See Cogdell v. Fort Worth National Bank*, 544 S.W.2d 825 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.), *cert. denied*, 434 U.S. 923, 98 S.Ct. 400, 54 L.Ed.2d 280 (1977).

The facts in the present case are very similar to the facts in *Allen*. The appellants do not dispute the validity of the will. In fact, both parties rely on the very same clauses. Here, W.S. Brock's will was filed with the court and was also a part of the executor's petition. Further, the will was admitted to probate in the Wood County Court, the court which heard the executor's petition. Thus, the will was proper summary judgment evidence, even though it was not attached to either the appellee's motion for summary judgment or affidavits. The appellants' first point of error is overruled.

■ In their second and fourth points of error, appellants charge that the terms, "the estate of Dr. Sam H. Brock, Sr., deceased," and "beneficiaries," as used in the phrases "to be divided equally between the beneficiaries in fee simple" and "[i]f any of the named beneficiaries shall predecease me," are ambiguous, and that their interpretation is an issue of material fact. The appellants contend that the gift is not to the estate as a technical entity because it would make no sense to give property to the property of a deceased person. They further claim the evidence shows that the estate of Dr. Sam H. Brock, Sr., had been closed by the time W.S. Brock made his will, demonstrating that the will was latently ambiguous. But, appellants believe the lack of existence of the "estate of Dr. Sam H. Brock, Sr.," does not make the gift void. Devises and conveyances to "estates" have been held valid in Texas as well as in many other jurisdictions. *Haile v. Holtzclaw*, 414 S.W.2d 916, 927 (Tex.1967); *Lott v. Dashiell*, 233 S.W. 1103 (Tex.Civ.

App.—San Antonio 1921), *modified on other grounds*, 243 S.W. 1072 (Tex.Comm'n App.1922); *Cumming v. Cumming*, 219 Ga. 655, 135 S.E.2d 402, 10 A.L.R.3d 475 (1964); *Leary v. Liberty Trust Co.*, 272 Mass. 1, 171 N.E. 828 (1930); *Bottomley v. Bottomley*, 134 N.J.Eq. 279, 35 A.2d 475 (N.J.Ch.1944). Who or what was meant by "estate of Dr. Sam H. Brock, Sr., deceased," appellants argue, is a genuine issue of material fact.

"[W]hether or not an ambiguity exists [in a will] is generally a question of law for the determination of the court." *Langston v. First National Bank, Tulia*, 449 S.W.2d 855, 857 (Tex.Civ.App.—Amarillo 1969, no writ). We conclude that W.S. Brock's will is unambiguous.

First, the testator actually chose an entity, rather than specific individuals, as the beneficiary of his bequest. The testator knew that Carolyn Brock Hudson and Sam H. Brock, Jr., were the beneficiaries named in the will of Sam H. Brock, Sr. If he had meant to name them individually, he easily could have done so. Instead, he chose to name the "estate of Dr. Sam H. Brock, Sr., deceased," as one of the beneficiaries of his will.

Second, "[t]he question [in a will construction case] is not what the testatrix intended to write, but the meaning of the words she actually used." *Kokernot v. Denman*, 708 S.W.2d 921, 924 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (citing *Rekdahl v. Long*, 417 S.W.2d 387, 389 (Tex.1967)). "When construing the language of a will, the court is obliged to give the words used by the testator their ordinary and commonly understood meaning, unless a contrary intent is clearly expressed." *Diemer v. Diemer*, 717 S.W.2d 160, 162 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citing *White v. Taylor*, 155 Tex. 392, 286 S.W.2d 925, 926 (1956)). The term "estate," as used in the will, has an ordinary and commonly understood meaning, which is that the testator intended to treat the estate as one single beneficiary with a one-third share going to the beneficiaries of the estate of Dr. Sam H. Brock, Sr., as a group. There is no expression of a contrary intent in the will.

Third, the failure to use "estate" in its technical sense does not make the will ambiguous. *Welch v. Straach*, 531 S.W.2d 319, 321 (Tex.1975). The TEXAS PROBATE CODE defines "estate" as "the real and personal property of a decedent." TEX. PROB.CODE ANN. § 3(*l*) (Vernon 1980). Obviously, it makes no sense to leave property to property, so another construction must be found. Here, the term "estate" has a common, nontechnical meaning which makes sense. A gift to an "estate" means a gift to the heirs or beneficiaries of the deceased "owner" of the estate as a whole, not a gift to the property of the deceased or the beneficiaries of the estate individually.

Further, those cases which concerned transfers to an estate upheld the validity of the transfer, and declared that the transfer is made to the beneficiaries of the estate collectively. In *Haile v. Holtzclaw*, the Texas Supreme Court held that a deed, which named as its grantee the estate of a deceased person, validly conveyed title because the grantee was sufficiently described. 414 S.W.2d at 927. The courts of several other states have held that a testamentary gift to an estate was a valid gift to the estate as a whole if the person from whom the estate arose was dead at the time of the making of the will which included a bequest to the estate. *Cumming v. Cumming*, 219 Ga. 655, 135 S.E.2d 402, 10 A.L.R.3d 475 (1964) (holding that a bequest to an estate was to pass to the executor of the estate "for distribution as though it was a part of [the] estate."); *Arnett v. Fairmont Trust Co.*, 70 W.Va. 296, 73 S.E. 930 (1912). In dealing with this problem, Professor Page stated that:

> Where the will contains a gift to the "estate" of a person other than testator, there is a difference of opinion as to the validity of such gift. Some courts hold that such a gift is void for uncertainty. In other cases it has been held that such a gift is sufficiently definite and certain. If the person to whose estate such property is left has himself left a will, it has

been held that such gift will pass under the will of a person thus designated. *4 Bowe–Parker: Page on Wills* § 34.36. Since the Texas Supreme Court, in *Haile*, has upheld the validity of a deed conveying property to an estate, we conclude that a bequest to an estate is equally valid. 414 S.W.2d at 927. Thus, we are left with Page's second option, under which a one-third share of the bequest of W.S. Brock passes to the estate of Dr. Sam H. Brock, Sr., and is distributed according to the terms of the will of Dr. Sam H. Brock, Sr. Appellants' second and fourth points of error are overruled.

In their third and fifth points of error, appellants contend that the trial court erred in granting summary judgment because the appellee did not present summary judgment evidence as to the meaning of the terms that the appellants (in points two and four) contend are ambiguous. Since we have held that the terms challenged as ambiguous in points of error two and four are not ambiguous, the appellee was under no duty to introduce summary judgment evidence as to the meanings of these terms. Appellants' points of error three and five are overruled.

The judgment of the trial court is affirmed.