Alvis **GILBERT**, Appellant,

v.

Barbara Jean **JENNINGS**, Appellee.

No. 06–94–00075–CV.

Court of Appeals of Texas,
Texarkana.

Submitted June 10, 1994.

Decided Nov. 4, 1994.

Rehearing Overruled Dec. 28, 1994.

Robert W. Buchholz, Buchholz & Associates, P.D., Dallas, for appellant.

Danny Woodson, Mount Pleasant, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Alvis Gilbert appeals from a summary judgment. Gilbert filed suit against Barbara Jennings to recover on a promissory note executed in 1980 by Jennings's husband. Jennings's husband defaulted on August 1, 1987. After default, Gilbert foreclosed on the property securing the note, and it was sold at auction on October 6, 1987 to Gilbert for $14,000, leaving a deficiency of $105,000. Ronald Jennings died on January 29, 1989. His estate was probated. Gilbert filed suit for the deficiency on December 28, 1990.

Gilbert's sole contention is that the trial court considered evidence that was not properly before it on a motion for summary judgment. The evidence in question consists of a publisher's affidavit attesting that a notice of the probate of Ronald Jennings's estate was printed in his newspaper.[1] Gilbert contended in his response to Jennings's motion for summary judgment that the record did not affirmatively show that proper notice of the probate had been given. The response was filed on September 13, 1993. On September 14, 1993, Jennings filed in the probate court an affidavit by the publisher of the local newspaper affirming that notice had been published on April 13, 1989, with an attached copy of the relevant page of the newspaper. A file-marked and certified copy of this document from the probate court records was then immediately filed in the record of the present case. Thereafter, on October 15, 1993, the trial court heard the motion and

---

1. Failure to give such notice makes the representative of the estate liable for any damages to a claimant caused by the failure to do so. TEX. PROB.CODE ANN. § 297 (Vernon 1980).

granted summary judgment on December 8, 1993.

■ Gilbert contends that the trial court should not have considered this evidence in its rendition of summary judgment because the document was never served upon opposing counsel and because it was not attached to the motion for summary judgment. Typically, a motion for summary judgment is supported by affidavits that must be attached to the motion for summary judgment and served upon the opposing party. TEX. R.CIV.P. 166a(c), (f).

In this case, however, the affidavit is a public record from another proceeding. The rule specifically provides that a summary judgment shall be rendered forthwith if

> the pleadings, admissions, affidavits, stipulations of the parties, and authenticated *or certified public records, if any, on file at the time of the hearing* or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

TEX.R.CIV.P. 166a(c) (emphasis added). In a similar situation, the Tyler court recognized the specific language of the rule, holding that where a certified copy of a will was filed with the trial court on the day before the summary judgment hearing, the movant is not required to attach a copy of the will to the motion for summary judgment. *Hudson v. Hopkins*, 799 S.W.2d 783, 785 (Tex.App.–Tyler 1990, no writ). As a certified public record on file at the time of the hearing, it was properly considered by the trial court.

■ Section 294(b) of the Probate Code requires that the affidavit of the publisher to the effect that the notice was duly published as required by law is to be filed in the probate proceedings. TEX.PROB.CODE ANN. § 294(b) (Vernon 1980). Gilbert contends that the estate was already closed at the time of the filing. We find nothing in the Probate Code to prohibit the filing after the estate is closed, as long as it was proof of publication and the publication met the time requirements of the Code.

Gilbert also argues that error is shown because the document was not served. He has not directed us to any portion of the rules that supports his contention in this context. TEX.R.CIV.P. 166a requires that the motion for summary judgment and supporting affidavits shall be served, but does not require service of all documents involved in the suit. Rule 166a(d) requires service of discovery products not on file if they are to be used in support of the motion for summary judgment, but contains no parallel requirement for public records. TEX.R.CIV.P. 21 requires service of pleadings and motions, but not of public records filed in the case file.

Jennings contends that Gilbert was aware of the publisher's affidavit being on file at the time of the summary judgment hearing, that he declined to review the affidavit prior to the hearing, and that he failed to object to its use as summary judgment proof. In his brief, Gilbert admits to having knowledge of the document on the day of the hearing. He does not dispute Jennings's statement that he did not make any objections to the trial court concerning the certified public record at the time of the hearing.

If Gilbert had asked for an opportunity to file a response to these documents, he would have been entitled to do so. In the absence of such an objection or motion, the complaint has not been preserved for appellate review. TEX.R.APP.P. 52(a). This point of error is overruled.

The judgment of the trial court is affirmed.